UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE LOUISE POWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 23 C 13917 |
| THE PARTNERSHIPS AND UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Plaintiff Kate Louise Powell brought this copyright infringement action against a number of defendants. Before the Court is Plaintiff's motion for summary judgment on her claims against Defendant SANDJEST (No. 119). For the following reasons, the motion is granted-in-part and denied-in-part.

## BACKGROUND

In resolving Plaintiff's motion for summary judgment, the Court views the evidence in the light most favorable to Defendant as the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The following facts are undisputed except where noted.[1] Any asserted facts or factual disputes that were not

---

[1] Defendant failed to respond to the majority of facts set forth in Plaintiff's Local Rule 56.1 statement of material facts, and thus the Court deems those facts admitted. *See* L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary

supported by evidence or were immaterial or otherwise inadmissible have not been included.

Plaintiff is an illustrator and has produced a number of illustrations with reoccurring motifs of flowers and butterflies. Plaintiff is the owner of the artwork shown below entitled, "Butterfly Effect," which is protected by U.S. Copyright Registration No. VA 2-326-027 (the "Kate Powell Work"):



The registration for the Kate Powell Work is valid, subsisting, and in full force and effect. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting copyrighted products that use the Kate Powell Work.

---

material."); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (failure to dispute facts in the manner required by local rules allows the court to conclude "those facts are deemed admitted for purposes of the motion.").

2

Defendant is a seller operating on Amazon as "SANDJEST." Plaintiff alleges that Defendant offered for sale and sold products using the Kate Powell Work (the "Infringing Products") to consumers nationwide, including to Illinois residents.

Phuong Thi Kim Nguyen, the owner of the SANDJEST store, denies that he wrongfully used the Kate Powell Work to create the Infringing Products. He further denies that he displayed, advertised, offered for sale, reproduced, or sold "the Infringing Product bearing an image that is an illegal copy of the Kate Powell Work." Dkt. # 40-2, ¶ 4.

However, Defendant did not respond to and therefore admitted the following statements of fact:

17. Defendant sold Infringing Products that are copies of Plaintiff's Kate Powell Work.

18. Defendant also displayed the Kate Powell Work on the Defendant Internet Store to advertise and offer to sell its Infringing Products to consumers in the United States, including Illinois.

33. Defendant displayed, advertised, sold, and offered to sell Infringing Products to consumers within the United States.

Dkt. # 36, ¶¶ 17, 18, 33; Dkt. #40-1.

Defendant also admitted that its listing, "SANDJEST Personalized Gardening Tumbler Garden Lover 20oz 30oz Tumblers with Lid Gift for Girl Daughter Women Best Friend Sister Garden Lovers Christmas Birthday Party Women Day" (the "accused product"), uses the Kate Powell Work in the product photos. Dkt. # 36, ¶ 20. Below is a side-by-side comparison of Plaintiff's copyrighted artwork and Defendant's product:

3

| Plaintiff's artwork protected by Copyright Reg. No. VA 2-326-027 | Image displayed in Defendant's listing |
|---|---|
|  | |

Dkt. # 36, ¶ 21. Defendant further does not dispute marked similarities between the images.

According to Plaintiff, records provided by Amazon indicated Defendant made at least six infringing sales, and about $155,456.45 was restrained in connection with this lawsuit. Defendant states those sales were for other, unrelated products. However, Defendant admits that it profited $32.30 from the sale of the accused product.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a

4

genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). The Court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Plaintiff seeks summary judgment on the basis that Defendant's accused product infringes Plaintiff's copyright. To prevail on her motion for summary judgment, Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009). First, a copyright registration is prima facie evidence of a valid copyright. 17 U.S.C. § 410(c); *see Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Here, Plaintiff owns copyright No. VA 2-326-027. Defendant has not set forth evidence to rebut the presumption of validity, so this registration is deemed valid.

The question of infringement then turns on whether Defendant copied the protected work. There are two ways to prove copying: (1) by direct evidence; or (2) by

proving that Defendant "had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) ("Copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." (citations omitted)). Further, under the "ordinary observer" test, copying goes so far as to constitute an improper appropriation when the "accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Incredible Techs.*, 400 F.3d at 1011.

That is the case at hand. Defendant does not dispute the substantial similarities between the Kate Powell Work and the image on the accused product, as set forth in great detail in Plaintiff's statement of facts. Viewing the pictures above, any ordinary reasonable person would conclude the same. Defendant has not presented evidence to create a triable issue for the jury regarding infringement.[2] Therefore, summary judgment is granted as to the copyright infringement claim.[3]

---

[2] Indeed, Defendant's opposition to Plaintiff's motion for summary judgment focuses solely on the question of actual damages.

[3] Defendant denies any intentional or willful infringement. Even so, the question of intent affects only the damages available to Plaintiff in the case of infringement, not the infringement itself. *Bartels v. P'ships and Unincorporated Ass'ns Identified on Schedule "A"*, 2024 WL 1363579, at *3 (N.D. Ill. 2024).

6

That brings us to the question of damages. Copyright law allows a copyright owner to recover her actual damages and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). "Actual damages are 'usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.'" *Bell v. Taylor*, 827 F.3d 699, 709 (7th Cir. 2016) (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)). A jury may consider "either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on undue speculation." *Id.* (cleaned up). Here, Plaintiff argues that she is entitled to actual damages of $30,000[4] based on Defendant's allegedly willful infringement.

However, Plaintiff has come forward with very little evidence to support an award of actual damages of $30,000, a figure which Plaintiff holds is the "acquisition cost" of licensing the Kate Powell Work. Plaintiff says this figure "takes into account the costs associated with licensing intellectual property to an Asia-based licensee, and the potential profits for the exclusive right to sell the image on products in the household goods category on Amazon to its hundreds of millions of users along with the ability to reach more consumers through other mass retailers." Dkt. # 35, at 11.

---

[4] In her memorandum in support of her motion for summary judgment, Plaintiff requests actual damages in the range of $25,000–$50,000. Dkt. # 35, at 1. However, in her reply, Plaintiff seeks only $30,000. Dkt. #42, at 2.

In support of her argument, Plaintiff submitted a report from expert Paul Holmes noting that the "largest studios (e.g., Disney, WB, or Mattel)" will extend a non-exclusive license for "a limited, single, small territory (e.g., Spain or Portugal) for upwards of $50,000." Dkt. #37, ¶ 9. Holmes concluded that "[i]f a Vietnam-based seller, such as Defendant here, had approached Ms. Powell for a license to sell her images on a product in the household goods category, the licensing terms for an exclusive license based on industry standards and my years of licensing experience would be as follows: minimum guaranteed payment in the range of $25,000-$50,000 and an accompanying royalty of around 18 percent of sales." Dkt. #37, ¶ 21.

Defendant's expert, Nhan Nguyen, disagrees with Holmes. In his view, based on industry standards and his years of experience, the licensing would be "a minimum guaranteed payment in the range of $500-$1000 and an accompanying royalty of around 1.5 percent of sales." Dkt. # 40-3, ¶ 16. Holmes responds that Nguyen's analysis is inapplicable because it focuses on exclusive intellectual property licensing agreements which grant the licensee the right to use a copyrighted artwork on products in the toys and games category to be sold in Vietnam, whereas Holmes's analysis was based on the household goods category to be sold in the United States.

Even if the Court were to disregard the Nguyen report, Plaintiff has not met her burden at summary judgment on the issue of actual damages. To be sure, Plaintiff is not required to prove an exact number of damages. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 518 (7th Cir. 2011) ("Plaintiffs are not required to prove damages

8

to the exact cent; they must merely establish a 'reasonable basis for computing damages.'") (internal citations omitted). However, Plaintiff's submissions do not provide that reasonable basis. Plaintiff does not point to any examples of her work selling or attaining licensing fees in the past comparable to the "largest studios" or present any other evidentiary support for Holmes's conclusions. *See Bartels*, 2024 WL 1363579, at *5; *Emoji Co. Gmbh v. Individuals Identified on Schedule A Hereto*, 2022 WL 4465593, at *6 (N.D. Ill. 2022) (noting the declaration in support of statutory damages "consists mostly of conclusory statements lacking in specific evidentiary support" and collecting cases); *Bell*, 827 F.3d at 709 (stating a copyright holder must show the fair market value of the thing taken with "sufficient[] concrete[ness].").

The Court finds there are factual disputes and issues regarding weight and credibility of expert testimony which make it inappropriate to enter summary judgment on the amount of actual damages.

## **CONCLUSION**

For the foregoing reasons, the Court grants-in-part and denies-in-part Plaintiff's Motion for Summary Judgment [34]. Plaintiff's motion is granted with respect to the claim of infringement but denied with respect to actual damages. The parties shall file a joint status report on 8/14/2024, advising the Court as to whether settlement is possible and proposed next steps in the case.

It is so ordered.

*Charles P. Kocoras*
_____

Charles P. Kocoras
United States District Judge

Date: July 17, 2024